Per Curiam.

Upon the prior appeal we reversed the judgment and ordered a new trial, which would permit of a further Huntley hearing to consider the ‘ ‘ basic issue ’ ’ whether the suppressed police confessions, as related to Almog by defendant, so tainted the Almog statements as to render them likewise inadmissible; the tests to be applied upon the new inquiry being those announced in Wong Sun v. United States (371 U. S. 471, 488) and Clewis v. Texas (386 U. S. 707, 710), quoted in our opinion. (26 N Y 2d 437, 443.) Following the further Huntley hearing, the County Court found that the Almog statements were indeed thus tainted, and accordingly suppressed them; and subsequently, upon appropriate motion, dismissed the indictment.
In modifying the suppression order with respect to certain of the statements made to Almog, the Appellate Division erred to the extent that it rested its determination upon factors (e.g., absence of custodial restraint) not relevant to the taint issue (35 A D 2d 1017, 1019); but we find, in any event, no substantial evidence supportive of the Appellate Division’s finding upon reversal of the County Court’s determination, under the standards by which our review is governed (see People v. Leonti, 18 N Y 2d 384, 389, mot. for rearg. den. 19 N Y 2d 633, cert. den. 389 U. S. 1007; People v. Ledwon, 153 N. Y. 10, 16).
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion.
Order reversed and the orders of the County Court reinstated.